UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VILLEGAS,<br><br>        Plaintiff,<br><br>   v.<br><br>WONG-ONE, LLC, a California Limited Liability Company; DZUBAK INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 to 10,<br><br>        Defendants. | CV 20-7291-RSWL-ASx<br><br>**ORDER re: Plaintiff's Application for Default Judgment** [18] |

    Plaintiff Luis Villegas ("Plaintiff") claims Defendant Wong-One, LLC and Defendant Dzubak Investments, LLC, (collectively, "Defendants") violated the Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). Plaintiff filed this Application for Default Judgment [18] on March 5, 2021 (the "Application").

1

For the reasons set forth below, the Court **GRANTS** Plaintiff's Application as to the ADA claim and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a paraplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendant Wong-One, LLC owned or owns the real property located at 130 N. Robertson Blvd., Beverly Hills, California. Id. ¶¶ 2-3. Defendant Dzubak Investments, LLC owned or owns Beverly Hills Mercantile & Liquor (the "Store"), which is located at the subject property. Id. ¶¶ 2—5.

On or about July 28, 2020, Plaintiff visited the Store with the intention to avail himself of its goods. Compl. ¶ 10; Pl.'s Appl. for Default J. ("Appl.") Ex. 2 ("Pl.'s Decl.") ¶ 3, ECF No. 18-4. As a result of his physical disabilities, however, Plaintiff alleges he was denied full and equal access to the property when he encountered no wheelchair accessible sales counters in compliance with ADA standards. Pl.'s Decl. ¶ 4.

On or about August 4, 2020, an investigator with the Center for Disability Access visited the Store to survey and photograph the property. Appl. Ex. 3 ("Louis Decl.") ¶¶ 1—2, ECF No. 18-5. In addition to finding no wheelchair accessible sales counters, the investigator

discovered no wheelchair accessible dining surfaces.[1]
Id. ¶¶ 3—4.

B. **Procedural Background**

Plaintiff filed his Complaint [1] on August 13, 2020, asserting violations of the ADA and Unruh Act. Plaintiff served Defendants [10, 13] on August 20, 2020. To date, Defendants have not appeared in the Action. Following Plaintiff's Requests for Entry of Default [14, 15], the Clerk entered default [16, 17] on September 15, 2020.

On March 5, 2021, Plaintiff filed the present Application [18]. Plaintiff seeks an order requiring Defendants to provide ADA-compliant sales counters and dining surfaces. Appl. 2:23—26, ECF No. 18. Plaintiff additionally seeks an award totaling $8,000.00 in statutory damages, plus $4,074.50 in attorneys' fees and costs. Id. at 2:27—3:3; Appl. Ex. 1 ("Handy Decl."), Billing Summary, ECF No. 18-3.

II. DISCUSSION

A. **Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter default

---

[1] Plaintiff did not actually encounter the dining surfaces in July 2020. Compl. ¶ 17; Pl.'s Decl. ¶ 5. Plaintiff learned from the pre-filing investigator that the Defendants failed to provide wheelchair accessible dining surfaces due to toe clearance issues. Pl.'s Decl. ¶ 5; Louis Decl. ¶ 4.

judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Local Rule 55-1. Pursuant to L.R. 55-1, the movant for default judgment must submit a declaration establishing: (1) when and against which party the default was entered; (2) on which pleading the default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3931, does not apply; and (5) that the defaulting party was properly served with notice.

It is within the district court's discretion to grant or deny an application of default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092—93 (9th Cir. 1980). In determining whether default judgment is proper, a court considers the "Eitel factors": (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471—72 (9th Cir. 1986).

After entry of default by the clerk, all factual allegations in the complaint, except those relating to damages, are assumed as true. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917—18 (9th Cir. 1987)

(quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). Thus, the plaintiff is required to provide evidence of all damages he seeks to recover in the complaint. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). When default judgment is granted, the relief reward "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." Fed. R. Civ. P. 54(c).

**B. Discussion**

    1. Jurisdiction

When a party moves for default judgment, a court must examine both subject matter and personal jurisdiction. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

        a. ADA Claim

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of the ADA. See Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093, 1098 (9th Cir. 2017). Further, the Court has personal jurisdiction over Defendants because they have "minimum contacts" with California such that "the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quotation omitted). More specifically, Defendants own the real property and/or Store located at 130 N. Robertson Blvd., Beverly Hills, California, where the incident giving rise to this Action occurred. Compl. ¶¶ 4–5; Appl. Ex. 9 ("Gutierrez Decl.") ¶¶ 3–4,

ECF No. 18-11.

    b.   Unruh Act Claim

    The court has supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, even if supplemental jurisdiction exists, the Court may exercise its discretion to decline supplemental jurisdiction "in exceptional circumstances" or where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

    The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that any violation of the ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f). Moreover, unlike the ADA, the Unruh Act allows a plaintiff to recover statutory damages for each offense. Cal. Civ. Code at § 52(a).

    In 2012, California adopted a heightened pleading standard for actions brought under the Unruh Act "to combat the influx of baseless claims and vexatious litigation in the disability access litigation sphere."

Langer v. Al Sunset, LLC, No. 2:21-CV-03594-FLA-AFM, 2021 WL 2038372, at *1 (C.D. Cal. May 21, 2021). These heightened pleading requirements apply to actions alleging "construction-related accessibility claims," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation . . . based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

Moreover, California law imposes additional limitations on "high-frequency litigants," defined as "a plaintiff who has filed ten or more complaints alleging construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Code § 425.55(b)(1).

By enacting restrictions on the filing of construction-related accessibility claims, district courts have expressed their interest in limiting the financial burdens California businesses may face for claims of statutory damages against them under the Unruh Act. See Ghadiri v. Tacos Queretaro Mexican Food et al., No. 8:21-CV-00740-JLS-KES, 2021 WL 2073478, at *1 (C.D. Cal. May 21, 2021). Thus, district courts should consider fairness and comity when determining whether to exercise supplemental jurisdiction over construction-related claims under the Unruh Act. See, e.g., Schutza

v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("[T]he Court finds it improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act Claim."). For a high-frequency litigant seeking relief under the Unruh Act, it would be improper to allow a plaintiff to use federal court as an "end-around" to California's heightened pleading requirements. Id.

Here, Plaintiff is a high-frequency litigant who has filed 134 cases in the Central District, including twenty-five complaints in the twelve-month period immediately preceding the filing of this current Action.[2] As such, and because of California's

---

[2] See Villegas v. Van Chau et al., No. 2:20-CV-07292-VAP-PD (filed Aug. 13, 2020); Villegas v. Farsight, Inc., No. 2:20-CV-05090-RSWL-PD (filed June 9, 2020); Villegas v. Attina Co. et al., No. 2:20-CV-03301-DMG-SK (filed Apr. 9, 2020); Villegas v. Whittier, LLC et al., No. 2:20-CV-00728-CJC-MAA (filed Jan. 24, 2019); Villegas v. Snow et al., No. 2:19-CV-10768-SK (filed Dec. 20, 2019); Villegas v. Zagros Inv., LLC et al., No. 2:19-CV-10456-ODW-JC (filed Dec. 11, 2019); Villegas v. Rashid et al., 2:19-CV-09847-DMG-KS (filed Nov. 18, 2019); Villegas v. Ora Prop., LLC et al., No. 2:19-CV-09616-ODW-FFM (filed Nov. 8, 2019); Villegas v. Haroon et al., No. 2:19-CV-09224-SVW-AFM (filed Oct. 28, 2019); Villegas v. Tran et al., No. 2:19-CV-09223-MWF-RAO (same); Villegas v. Tedwin S & B, LLC et al., No. 2:19-CV-09191-SVW-AGR (filed Oct. 25, 2019); Villegas v. Baltagi Enter., LLC et al., No. 2:10-CV-09145-JAK-SK (filed Oct. 24, 2019); Villegas v. 310 E. Manchester Ave. Assoc., LLC et al., No. 2:19-CV-09055-JFW-FFM (filed Oct. 21, 2019); Villegas v. Weiss et al., No. 2:19-CV-09054-CJC-AFM (same); Villegas v. Webb Energy

substantial interest in discouraging unverified discrimination claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. A significant number of judges in the Central District of California and elsewhere have similarly declined to exercise supplemental jurisdiction over construction-related claims asserted by high-frequency litigants.[3]

Moreover, the Court will not be depriving Plaintiff of any remedies because his ADA claim remains pending before the Court. Appl. 2:23. If Plaintiff so chooses,

---

Holdings, LLC et al., No. 2:19-CV-09024-VAP-MRW (same); Villegas v. Azalea Joint Venture, LLC et al., No. 2:19-CV-09022-AB-AS (same); Villegas v. Park et al., No. 2:19-CV-09021-PSG-RAO (same); Villegas v. Montebello Ctr., No. 2:19-CV-07760-CBM-AS (filed Sept. 9. 2019); Villegas v. Glendale I Mall Assoc., LP et al., No. 2:19-CV-07720-PSG-MAA (filed Sept. 6, 2019); Villegas v. G & M GAPCO, LLC et al., No. 2:19-CV-07530-JFW-AGR (filed Aug. 30, 2019); Villegas v. Thrifty Payless, Inc et al., No. 2:19-CV-07186-AB-PJW (filed Aug. 19, 2019); Villegas v. White et al., No. 8:19-CV-01564-JVS-KES (filed Aug. 14, 2019); Villegas v. Valaskantzis et al., 2:19-CV-07019-VAP-AS (filed Aug. 13, 2019); Villegas v. Teshima et al., No. 2:19-CV-07012-AB-RAO (same); Villegas v. Conzonire et al., No. 2:19-CV-07011-FMO-GJS (same).

[3] See, e.g., Lammy v. Leung et al., No. CV 19-4579-GW-ASX, 2020 WL 7861967 (C.D. Cal. Nov. 12, 2020) (Wu, J.); Marquez v. Carwood Ctr., LLC et al., No. 2:20-CV-05948-VAP-JEMX, 2020 WL 8816340 (C.D. Cal. Oct. 19, 2020) (Phillips, J.); Madriz v. Villalobos et al., No. CV 20-00202-CJC(KKX), 2020 WL 4006524 (C.D. Cal. Feb. 14, 2020) (Carney, J.); see also Langer v. Petras, No. 19-cv-1408-CAB-BGS, 2019 WL 3459107 (S.D. Cal. July 31, 2019) (Bencivengo, J.); Reyes v. Flourshings Plus, Inc., No. 19cv261 JM (WVG), 2019 WL 1958284 (S.D. Cal. May 2, 2019) (Miller, J.); Schutza v. Alessio Leasing, Inc., No. 18cv2154-LAB(AGS), 2019 WL 1546950 (S.D. Cal. Apr. 8, 2019) (Burns, J.).

he may pursue his Unruh Act claim in state court.[4]

   2.   Local Rule 55-1

   Plaintiff has satisfied the procedural requirements for entry of default judgment under Local Rule 55-1. See Gutierrez Decl. The Clerk entered default against Defendants on September 15, 2020 for failure to respond to Plaintiff's Complaint. Id. ¶ 5. Defendants are not infants, incompetent persons, or exempted under the Servicemembers Civil Relief Act. Id. ¶ 2. Lastly, Plaintiff served Defendants with notice of this Application on March 5, 2021. Id. ¶ 6.

   3.   Requested Relief

   When seeking default judgment, a Plaintiff "is required to prove all damages sought in the [C]omplaint." Philip Morris USA, Inc. v. Castworld Prods., 219 F.R.D. 494, 498 (C.D. Cal. 2003). Here, Plaintiff seeks an injunction, damages, and attorneys' fees and costs.

      a.   Injunctive Relief

   Under the ADA, a plaintiff is entitled to injunctive relief to make "facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Here, Plaintiff requests an order

---

[4] Plaintiff encountered the barrier on July 28, 2019. Pl.'s Decl. ¶ 3. The statute of limitations has not yet lapsed, and Plaintiff is able to bring his Unruh Act claim in state court. See Harris v. Cnty. of San Diego, No. CV 18-924-BTM-AHG, 2019 WL 6683367, at *4 (S.D. Cal. Dec. 5, 2019) (finding that Unruh Act claims "are subject to a two-year statute of limitations").

10

requiring Defendants to comply with the ADA by providing wheelchair accessible sales counters and dining surfaces. Thus, the Court **GRANTS** Plaintiff's request to require Defendants to provide wheelchair accessible sales counters in compliance with the ADA.

To prove discrimination stemming from failure to remove an architectural barrier, however, the fourth factor requires a plaintiff to actually encounter the architectural barrier that precluded him or her full and equal access to the facility. See Ho v. Mlynarski Inv'rs, LLC, SACV-18-00371-CJC-JDEX, 2019 WL 4238872, at *2 (C.D. Cal. Apr. 30, 2019). Here, Plaintiff did not actually encounter the non-ADA compliant dining surfaces. Pl.'s Decl. ¶ 5. Although Plaintiff failed to meet this factor, one form of discrimination is failure to remove architectural barriers unless they are not readily achievable to remove. See 42 U.S.C. § 12182(b)(2)(A)(iv); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005). Because Defendants failed to appear and argue whether the architectural barriers were readily achievable to remove, the Court **GRANTS** Plaintiff's request to require Defendants to provide wheelchair accessible dining surfaces.[5]

---

[5] The dining services include one foldable table and two foldable chairs. Even if Defendants had appeared and answered to Plaintiff's complaint, it is hard to imagine that the Court would find these architectural barriers as not readily achievable to remove. See Appl. Ex. 4 at 33, ECF No. 18-6.

11

b. <u>Damages</u>

Plaintiff seeks a total of $8,000.00 in statutory damages for Defendants' alleged violation of the Unruh Act. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, the Court **DENIES** Plaintiff's request for statutory damages.

c. <u>Attorneys' Fees & Costs</u>

The ADA authorizes attorneys' fees in this matter. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a); <u>see also</u> <u>Jankey v. Poop Deck</u>, 537 F.3d 1122, 1130 (9th Cir. 2008) ("A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotation marks omitted). For ADA cases, reasonable attorneys' fees are determined by reference to the lodestar method. <u>Vogel v. Harbor Plaza Center, LLC</u>, 893 F.3d 1152 (9th Cir. 2018) (finding that it was an abuse of discretion for the district court to treat the Local Rule 55-3 fee schedule, which is ordinarily used in instances of default judgment, as presumptively reasonable, rather than using a lodestar approach to calculate attorneys' fees for ADA and Unruh civil rights cases). A court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." <u>Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.</u>, 668 F.3d 677, 689 (9th Cir. 2012) (quotation omitted). The fee applicant

must "produce satisfactory evidence—in addition to the attorney's own affidavits—that [his] requested [hourly] rates [were] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 583 (9th Cir. 2010) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). The fee applicant bears "the burden of documenting the appropriate hours expended in the litigation" and of "submit[ting] evidence in support of those hours worked." USW v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008) (quotation omitted). Here, Plaintiff requests deviation from the default fee schedule in Local Rule 55-3, seeking $3,244.50 in attorneys' fees and $830.00 in costs, totaling $4,074.50. See Handy Decl., Billing Summary.

Here, Plaintiff's counsel staffed four attorneys on this case: Russell Handy ("Handy"), Mark Potter ("Potter"), Amanda Seabock ("Seabock"), and Faythe Gutierrez ("Gutierrez"). Handy Decl. ¶¶ 3—6. Plaintiff seeks hourly rates of $595.00 for partner-level senior attorneys Handy and Potter, $450.00 for Seabock, and $400.00 for Gutierrez. Id. In support of this request, Plaintiff relies on the declarations by Handy, highlighting the attorneys' qualifications by their experience in disability litigation, other legal experience, success in law school, and involvement in

disability-related organizations. Id. Plaintiff also submits declarations from Richard Pearl and John O'Connor, two attorneys' fees experts, as well as excerpts from the 2018 Real Rate Report, to support the fees requested.[6] See Appl. Exs. 6–8, ECF Nos. 18-8 to 18-10.

This Action is a routine ADA case in which Plaintiff's counsel has reused the same documents and "carbon-copy complaints" in other cases. Tate v. Deoca, No. CV 14-08739-SJO-MRW, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018). Indeed, "[a] simple comparison of the filings in this case with the filings in thousands of other cases filed by Plaintiff's counsel in this district reveals almost no original work." Id.

This Court is guided not by the amount requested but by the "fees awarded by other judges in the same locality in similar cases." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008) (citation omitted). Given that this Action appears to be nearly identical to the thousands of other cases filed by Plaintiff's counsel, and after reviewing awards

---

[6] Other district courts have found these reports limited in use. See Johnson v. Jun, 19-CV-06474-BLF, 2020 WL 6507995, at *9 (N.D. Cal. Nov. 5, 2020) (finding that Pearl's declaration and the Real Rate Report failed to consider the nature of work done and the skill or reputation of the attorneys in each case); Johnson v. Cortese, 5:19-CV-02671-EJD, 2020 WL 7495164, at *9 (N.D. Cal. Dec. 21, 2020) (finding Pearl's report "to be of limited use in determining the prevailing market rate") (quoting Johnson v. Progreso Dev., LLC, No. 5:20-CV-02167-EJD, 2020 WL 6136093, at *3 (N.D. Cal. Oct. 19, 2020)).

14

in similar cases, the Court reduces Plaintiff's
requested hourly rates as follows: $425.00/hour for both
Handy and Potter, $350.00/hour for Seabock, and
$250.00/hour for Gutierrez.⁷

The next issue is whether the hours billed in this
Action are reasonable. "[A] district court should
exclude hours 'that are excessive, redundant, or
otherwise unnecessary.'" McCown v. City of Fontana,
5565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensly v.
Eckerhart, 461 U.S. 424, 434 (1983)). Plaintiff
submitted an itemized billing statement which reflects
that Plaintiff's attorneys spent 6.5 hours on this case.
See Handy Decl., Billing Summary at 1.

Potter, a senior attorney and founding partner,
billed 0.7 hours for using "[G]oogle satellite images,
street view, website and/or [Y]elp" to examine the Store
in order to inform the investigator which photos and
measurements he wanted to obtain. Id. at 2. Potter's
online research is excessive given the site's relatively
small size and "the obvious and blatant nature of the
barriers." Compl. ¶ 21. Accordingly, the Court reduces

---

⁷ See Garcia v. Padilla, No. 2:20-cv-03033-SVW-JPR, 2020 WL 8027786, at *3 (C.D. Cal. Sept. 15, 2020) (reducing hourly rates to $425.00 for Handy and Potter, $350.00 for Seabock, and $250.00 for Gutierrez.); Langer v. Anaya, No. CV19-01075 PA(SHKx), 2020 WL 687611, at *4 (C.D. Cal. Jan. 6, 2020) (same for Handy, Potter, and Seabock); Lopez v. Silvia, No. CV18-4813 PSG(JEMx), 2020 WL 2619163, at *4 (C.D. Cal. Apr. 16, 2020) (granting $250/hour for similarly experienced attorneys as Gutierrez at Counsel's firm); Langer v. Garcia, No. 218CV02374VAPFFMX, 2019 WL 8013124, at *4 (C.D. Cal. Dec. 3, 2019) (same).

15

this time to 0.4 hours.

Handy, another senior attorney and founding partner, billed 0.8 hours to review the investigator's report and photographs and to "greenlight complaint drafting or give investigator further instructions." Handy Decl., Billing Summary at 2. The Court finds that Handy's billed hours are excessive based on his ADA expertise and the simple nature of the claim. The Court therefores reduce this billed time to 0.4 hours. See Chalmers v. City Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (stating that billing hours may be reduced "if the case was overstaffed and the hours duplicated" or "if the hours are deemed excessive or otherwise unnecessary").

Handy then billed 0.3 hours in which he conducted "[p]ublic records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property." Handy Decl., Billing Summary at 2. However, "[a] basic public records search to identify the owner of the Property is not the type of legal work that should be billed by an attorney at $425.00 per hour." Love, 2017 WL 2927429, at *4. Because this billing item was not "reasonably expended," the Court excludes it from the attorneys' fee award. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("The district court...should exclude from [its] initial fee

calculation hours that were not 'reasonably expended'...hours that are excessive, redundant, or otherwise unnecessary.").

Lastly, Handy billed 0.6 hours to "draft [the] complaint and related initial filing doc[ument]s & prepare interoffice barrier memo and service instructions." See Handy Decl., Billing Statement at 2. Given that Plaintiff's counsel files nearly identical complaints and other related documents in all of its cases, save for a few distinguishing details of fact, the Court finds 0.6 hours to draft the complaint and other related documents and instructions to be unreasonable. See Arroyo v. Thrifty Payless, Inc., CV 19-7244-RSWL-SS, 2020 WL 1068246, at *8 (C.D. Cal. Jan. 31, 2020) (reducing billing item to 0.4 hours when the Court found that 0.7 hours to draft the complaint and interoffice memo was unreasonable). Accordingly, the Court reduces this billing item to 0.3 hours.

Seabock billed 0.3 hours for reviewing court-issued documents such as the Notice of Assignment and Notice to Parties regarding ADA Disability Access Litigation. Handy Decl., Billing Summary at 2. Because Plaintiff's counsel files a significant amount of similar cases in this district, and considering Seabock's experience working with seasoned ADA-litigation attorneys Handy and Potter since 2012, see Handy Decl. ¶ 5, the Court finds this time expended reviewing routine and boilerplate court notices excessive and reduce it accordingly to 0.1

hours.

Gutierrez billed 1.5 hours for "[a]mend[ing] the default judgment template with all component[] parts." Handy Decl., Billing Summary at 3. Not only is this time excessive, but it is redundant with the two additional entries totaling 1.1 hours for "select[ing] photos to be used in the default judgment packet" and "work[ing] on declaration[s]" filed in support of the instant Application. Id. Therefore, the Court reduces the total time spent on the instant Application from 2.6 hours to 1.8 hours.

Considering Plaintiff's counsel's familiarity with ADA cases, the simple nature of this case for experienced attorneys, the redundancy of the work involved, and the complete lack of opposition, the Court reduces the total hours billed by Plaintiff's counsel by 2.3 hours.[8] See Arroyo v. Raspados Xpress LA, Inc., No. CV 19-7016 PA (ASX), 2020 WL 6106314, at *3 (C.D. Cal. Aug. 10, 2020) (finding that Plaintiff's counsel "has repeatedly misrepresented and hidden from all of the courts in which it applied for fees the deceptive nature of its billing practices," which include intentionally not keeping contemporaneous billing records and "seek[ing] fees for work performed by paralegals at hourly rates for work performed by attorneys"). Therefore, the Court awards $1,425.00 in attorneys'

---

[8] 0.8 hours billed by Potter, 1.0 hours billed by Handy, 0.6 hours billed by Seabock, and 1.8 hours billed by Gutierrez.

18

fees.

Finally, as the prevailing party, Plaintiff is also entitled to costs. 29 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1); C.D. Cal. Local Rule 54-2. Plaintiff seeks to recover $830.00 in costs, which includes $400.00 in filing fees, $30.00 in service costs, and $400.00 for an investigator. Handy Decl., Billing Summary at 1.

In recent similar cases, Plaintiff's firm submitted investigator costs of $100.00, as opposed to the quadrupled amount of $400.00 in this present Action.[9] Moreover, in cases where Plaintiff's firm has submitted investigator costs of $400.00, this Court has routinely reduced these costs to $100.00.[10] Because Plaintiff has not provided any other supporting evidence to support the quadrupled investigator expense besides the billing statement, the Court awards Plaintiff $530.00 in costs.

---

[9] See Uriarte-Limon v. Torres, No. 2:20-CV-02862-SVW-JC, 2020 WL 5260480, at *4 (C.D. Cal. July 15, 2020; Marquez v. Chateau Hosp., Inc., No. CV200107FMORAOX, 2020 WL 5118077, at *8 (C.D. Cal. June 11, 2020); Whitaker v. Westside Properties-2, LLC et al., No. 2:19-CV-07946-AB-RAO, 2020 WL 2614623, at *5 (C.D. Cal. Mar. 2, 2020); Lammey v. Plaza Segundo, LLC, No. LACV1904484JAKPLAX, 2019 WL 8638804, at *9 (C.D. Cal. Dec. 20, 2019); Sherfield v. Brite Spot, LLC, No. CV 19-6181-MWF-KS, 2019 WL 8160897, at *3 (C.D. Cal. Dec. 12, 2019).

[10] See Cagle v. Multani, No. CV 20-3038-MWF (PDX), 2020 WL 7861969, at *4 (C.D. Cal. Sept. 3, 2020). Garcia v. Mouannes, No. CV2002591ABAGRX, 2020 WL 6064024, at *5 (C.D. Cal. Aug. 6, 2020); Garcia v. Nouk, No. CV 20-2565-MWF-GJS, 2020 WL 6064029, at *3 (C.D. Cal. July 21, 2020); Garcia v. Sanchez, No. CV 20-18484-MWF-PVC, 2020 WL 6064025, at *3 (C.D. Cal. July 17, 2020).

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Application as to the ADA claim and **ORDERS** Defendant to provide ADA-compliant sales counters and dining surfaces. The Court awards $1,425.00 in attorneys' fees and $530 in costs. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and thereby **DISMISSES** the claim without prejudice.

**IT IS SO ORDERED.**

DATED: July 15, 2021         /s/ Ronald S.W. Lew
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge